UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ANGELA KAY CARRELLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:08-CV-152 |
| | ) | (VARLAN/GUYTON) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This social security appeal is before the Court for consideration of Plaintiff Angela K. Carrelli's Objections to Report and Recommendation ("R&R") [Doc. 15], filed by United States Magistrate Judge H. Bruce Guyton [Doc. 14]. Magistrate Judge Guyton found that the Administrative Law Judge ("ALJ") properly reviewed and weighed all of the medical findings and plaintiff's credibility to determine that she could perform a range of light work, despite the limitations caused by her impairments. Magistrate Judge Guyton found that substantial evidence in the record as a whole supported the ALJ's decision that plaintiff was not disabled. Accordingly, Magistrate Judge Guyton recommended that plaintiff's Motion for Judgment [Doc. 8] be denied and that Defendant Michael J. Astrue's, Commissioner of Social Security ("the Commissioner's"), Motion for Summary Judgment [Doc. 12] be granted.

## I. History of the Case

Plaintiff filed an application for a period of disability and disability insurance benefits and an application for supplemental security income with the Social Security Administration on August 30, 2004 (Tr. 15). In both applications, plaintiff alleged disability beginning on August 25, 2001 (Tr. 15). Both claims were denied initially and upon reconsideration (Tr. 15). Plaintiff requested a hearing to review the denial of her claims, which was held by the ALJ on May 8, 2007 (Tr. 15). On July 17, 2007, the ALJ issued his decision, concluding that plaintiff was not under a disability (Tr. 15-24). Plaintiff appealed the ALJ's decision but the Appeals Council denied plaintiff's request for review (Tr. 15). Thus, the decision of the ALJ became the final decision of the Commissioner. *See* 20 C.F.R. § 404.981. Plaintiff then filed a Complaint [Doc. 1] before this Court for judicial review of the Commissioner's decision. Plaintiff and the Commissioner filed cross-motions for summary judgment [Docs. 8, 9, 12, 13], on which Magistrate Judge Guyton issued his R&R [Doc. 14].

## II. Standard of Review

The Court must conduct a de novo review of portions of the magistrate judge's R&R to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). The Court must determine whether the Commissioner applied the proper legal standards and whether the Commissioner's findings are supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The

2

substantial evidence standard of judicial review requires the Court to accept the Commissioner's decision if a reasonable mind might accept the evidence in the record as adequate to support the Commissioner's conclusions. *Walters v. Comm'r of Soc. Sec. Admin.*, 127 F.3d 525, 528 (6th Cir. 1997). If substantial evidence supports the Commissioner's decision, it is irrelevant whether the record could support a decision in the plaintiff's favor or whether the Court would have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). On review, the plaintiff bears the burden of proving entitlement to benefits. *Boyes v. Sec. of Health & Human Services*, 46 F.3d 510, 512 (6th Cir. 1994) (citing *Halsey v. Richardson*, 441 F.2d 1230 (6th Cir. 1971)).

### III.    Analysis

As required by 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), this Court has undertaken a de novo review of those portions of the R&R to which plaintiff objects. In considering plaintiff's objections to Magistrate Judge Guyton's recommendation, the Court has independently reviewed the entire record, including the R&R and the administrative record. For the reasons that follow, plaintiff's objections will be overruled.

Plaintiff makes three specific objections: (1) that the R&R erred in finding that substantial evidence supported the ALJ's conclusion that plaintiff did not suffer from a severe mental impairment; (2) that the R&R erred in finding that the Commissioner met his burden of proving that a significant number of jobs were available to plaintiff; and (3) that the R&R erred in finding that the ALJ reasonably relied on the Vocational Expert's ("VE")

3

testimony to conclude that plaintiff could perform a significant number of jobs. Accordingly, plaintiff asserts that the R&R erred in recommending that plaintiff's Motion for Judgment [Doc. 8] be denied and that the Commissioner's Motion for Summary Judgment [Doc. 12] be granted.

>    **A.    Objection that the R&R Erred in Finding that Substantial Evidence Supported the ALJ's Conclusion's that Plaintiff Did Not Suffer From a Severe Mental Impairment**

Plaintiff argues that the ALJ's finding that plaintiff did not suffer from a severe mental impairment was not supported by substantial evidence. Plaintiff offers the following specific arguments in support of her objection: (1) the ALJ erred in discounting the conclusions of two psychologists that plaintiff had an anxiety disorder diagnosis and moderate limitations in several work-related activities; (2) the R&R erred in stating that "there was no testimony regarding [plaintiff's] disabling limitations" [Doc. 14, p. 10]; and (3) when considered collectively, plaintiff's physical and mental limitations made it clear that plaintiff was unable to perform basic work-related activities.

An individual qualifies for disability insurance benefits and supplemental security income when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  *See* 42 U.S.C. § 423(d)(1)(A) (defining disability); 42 U.S.C. § 1382c(a)(3)(A) (explaining the duration requirement).  To determine whether a claimant is

4

disabled, a five-step sequential evaluation process is followed. *See* 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4).

In this case, plaintiff's arguments are based on step two of the sequential process. At step two, if a claimant does not have a severe medically determinable physical or mental impairment, or a combination of impairments that are severe and meet the duration requirements, she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.920(a)(4)(ii). At this step, an impairment is not considered severe when it "does not significantly limit [one's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a), 416.921(a). Basic work activities are defined as the abilities and aptitudes necessary to do most jobs, and include: (1) physical functions; (2) the capacity to see, hear and speak; (3) understanding, carrying out and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations, and (6) dealing with change in routine work setting. *See* 20 C.F.R. §§ 404.1521(a)-(b), 416.921(a)-(b).

### 1. Whether the ALJ Erred and Discounted the Conclusions of the Two Psychologists

Plaintiff contends that the ALJ erred when he found that plaintiff did not have severe mental impairments that limited her vocationally. Plaintiff first argues that the ALJ discounted the conclusions of both the psychological consultative examiner, Dr. Tracy Allred, who diagnosed plaintiff with an anxiety disorder, not otherwise specified (Tr. 338-42), and the state agency psychologist, Dr. Larry Welch (Tr. 351-53).

5

The ALJ noted in his decision that he was "mindful of the diagnosis of anxiety by [Dr. Allred]" (Tr. 19). As the R&R was correct in stating, at the second step, a claimant bears the burden of presenting more than a diagnosis and must show that the alleged condition is in fact disabling. *See* 20 C.F.R. § 404.1512(c); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 780 n.2 (6th Cir. 1987) (mere diagnosis of a condition is not indicative of disabling functional debilitation); *see also* 20 C.F.R. §§ 404.1512(c), 416.912(c), 404.1520. Specifically, a claimant must show that her impairment results from "anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. *See* 20 C.F.R. § 416.908. Further, a claimant must establish her impairment by "medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms." *Id.*; *see* 20 C.F.R. §§ 416.927, 416.928.

Dr. Allred examined plaintiff in January 2005 and diagnosed her with an anxiety disorder, not otherwise specified (Tr. 338-42). Dr. Allred also noted that plaintiff was experiencing "a mixture of depression and anxiety symptoms due to circumstantial stresses in her life." (Tr. 340). However, Dr. Allred noted that plaintiff's "[t]hought processes were logical, and she was fully oriented to time, place, and person" but that it was "difficult to differentiate mental health symptoms from medical symptoms" (Tr. 340). Dr. Allred also opined that plaintiff was moderately limited in several work-related activities: in her ability to understand and remember; in her ability to sustain concentration and persistence; in her social interactions; and in her ability to adapt and tolerate stress associated with day to day

6

activities (Tr. 342). Dr. Welch, the examining state agency psychologist, arrived at similar conclusions, finding that plaintiff was moderately limited in thirteen of twenty areas of mental activities and not significantly limited in the seven remaining areas (Tr. 351-52).

Thus, while the ALJ properly noted Dr. Allred's diagnosis and considered her opinions, he was not required to accept her findings as proof that plaintiff's anxiety was of disabling severity. *See Varley*, 820 F.2d at 780 n.2. This is particularly true where, as here, the ALJ identified good reasons for finding Dr. Allred's opinions inconsistent with other objective evidence, including plaintiff's testimony (Tr. 731, 741-31), other medical source opinions (Tr. 334-37, 351-54), and the record as a whole (Tr. 19). Accordingly, the Court finds that the ALJ did not discount the conclusions of Dr. Matteo and Dr. Joslin and thus, plaintiff's argument is overruled.

### 2. Whether the R&R Erred in Stating that there was No Testimony Regarding Plaintiff's Disabling Limitations

Plaintiff's second argument is that the R&R erred in stating that "there was no testimony regarding disabling limitations." As noted by plaintiff, she testified that her anxiety was "pretty high" on her list of problems (Tr. 731). However, plaintiff also stated that this anxiety was "related to pain" (Tr. 731). Plaintiff also acknowledged that she had not consulted a psychologist or psychiatrist concerning her anxiety (Tr. 731). In addition, when plaintiff was asked to describe her anxiety in greater detail, she described it as related to "position" and resulting from the "intense pain" of her physical impairments, stating that it made her unable to concentrate (Tr. 741-42). When plaintiff was asked to discuss any

7

conditions in greater detail, she did not elaborate on her anxiety (Tr. 743). Plaintiff also described certain anxiety related problems in a telephone interview with the Social Security Administration in August 2004 (Tr. 691).

The Court finds that plaintiff's testimony and statements regarding her anxiety were related to her physical pain and the limitations in her daily activities caused by her physical pain. A reasonable mind could determine that plaintiff's anxiety was related to her physical impairments and was not an abnormal psychological reaction that severely impaired her daily activities. *See* 20 C.F.R. § 416.908 (stating that an impairment must result from "anatomical, physiological, or psychological abnormalities"). A reasonable mind could determine that such anxiety, while troubling to plaintiff, does not fall within the Social Security Act's definition of a severe mental impairment. *See id*.

In addition, plaintiff's statements in the phone interview and at the hearing are plaintiff's own statements. Taken alone, they are insufficient to show that a condition is disabling. *See* 20 C.F.R. §§ 416.908, 416.928 (stating that a claimant must establish her impairment by "medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms").

The ALJ also based his determination that plaintiff did not suffer from a severe mental impairment on the findings of Dr. Jeffrey Summers, a consulting medical expert who examined plaintiff in January 2005 (Tr. 334-37). Dr. Summers found that plaintiff had appropriate cognitive function and intelligence, interacted well, and had no abnormal behaviors or mannerisms (Tr. 336). Also, in plaintiff's relation of her medical history,

8

symptoms, and complaints to Dr. Summers, she did not report any signs or symptoms of mental impairments (Tr. 334-37). Further, Dr. Summers concluded that plaintiff had only physical limitations and "should tolerate all other work related activities," excluding those activities affected by plaintiff's physical impairments (Tr. 337).

The ALJ also considered plaintiff's medical records and accurately stated that plaintiff had not sought treatment from any mental health professional, a fact to which plaintiff attested at her hearing (Tr. 19, 731). While the ALJ stated in his decision that plaintiff did not require any psychotropic medication, the Court notes that plaintiff had been prescribed anti-anxiety and anti-depressant medication on several occasions (Tr. 688-89). However, in determining that plaintiff did not suffer from a disabling and severe mental impairment, the ALJ did not rely solely on the absence of psychotropic medication as a basis for his determination (Tr. 19). Rather, the ALJ relied on the other substantial evidence previously discussed.

Although an argument could be made that plaintiff did have anxiety as a result of the pain caused by her physical impairments, a reasonable mind could accept the evidence in the record as adequate to support the conclusion that plaintiff's anxiety did not rise to the level of a severe mental impairment. *See Walters,* 127 F.3d at 528 (stating that a court will accept the Commissioner's decision if a reasonable mind might accept the evidence in the record as adequate to support the Commissioner's conclusions). Accordingly, the ALJ's conclusion that plaintiff did not have a severe mental impairment is supported by substantial evidence

based upon the record as a whole and thus, the Court will not disturb the ALJ's conclusion and hereby overrules plaintiff's objection.

> **B.     Objection that the ALJ Did Not Meet His Burden of Proving that a Significant Number of Jobs were Available to Plaintiff**

Plaintiff's second objection is that the ALJ did not meet his burden of proving that a significant number of jobs were available to plaintiff.

At the fifth step of the disability evaluation process, it is the ALJ's burden to produce evidence to support a finding that a claimant is not disabled and that other work exists in significant numbers in the national economy that the claimant can do, given her RFC, age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(g), 404.1520(a)(4)(i)-(v), 404.1560(c), 416.912(g), 416.960(c). To meet this burden, there must be "a finding supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *O'Banner v. Sec'y of Health, Educ. & Welfare*, 587 F.2d 321, 323 (6th Cir. 1978). The scope of review requires that the determination be supported by substantial evidence, something more than mere intuition or conjecture by the ALJ. *Id.* Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a "hypothetical" question, but only "if the question accurately portrays [the claimant's] individual physical and mental impairments." *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987) (citations omitted).

As previously stated in the R&R and by the Court, the ALJ's finding that plaintiff did not have a severe mental impairment was supported by substantial evidence.[1] The ALJ properly incorporated his finding into the determination of plaintiff's RFC (Tr. 17, 19-20). The ALJ then presented plaintiff's RFC, along with plaintiff's age, education, and past relevant work to the VE in hypothetical questions (Tr. 745-54). In response, the VE concluded that a significant number of jobs existed that plaintiff was able to perform (Tr. 746-54).

Plaintiff is correct in that the VE testified that the identified jobs would be eliminated for an individual who "had problems or difficulty remaining alert or more easily distracted" (Tr. 755). However, as part of her response, the VE also stated that any elimination would "depend[] upon how severe" the individual's problems were (Tr. 755). Thus, because the ALJ previously determined that plaintiff did not have any severe mental impairment, this specific response by the VE is irrelevant to the issue of plaintiff's individual impairments. Rather, in response to the ALJ's hypothetical questions that accurately portrayed plaintiff's individual impairments, the VE found that there were a significant number of jobs plaintiff could perform (Tr. 746-54). Such findings constitute substantial evidence that was reasonably relied upon by the ALJ and satisfied the ALJ's burden of proof at the fifth step of the disability evaluation process. *See Varley*, 820 F.2d at 779. As such, plaintiff's objection that the ALJ did not meet his burden of proof is hereby overruled.

---

[1]*See supra* Part III. A.

### C. Objection that the ALJ Unreasonably Relied on the VE's Testimony in Concluding that Plaintiff Could Perform a Significant Number of Jobs

Plaintiff's final objection is that the ALJ unreasonably relied on the VE's testimony in concluding that plaintiff could perform a significant number of jobs. As stated above, because the Court finds that the ALJ accurately portrayed plaintiff's physical and mental impairments to the VE, the response of the VE constituted substantial evidence that was reasonably relied upon by the VE in determining whether a significant number of jobs existed that plaintiff could perform. *See Varley*, 820 F.2d at 779. Thus, the Court finds that the ALJ's reliance on the testimony of the VE was reasonable and plaintiff's final objection is hereby overruled.

### IV. Conclusion

Finding no error in the R&R, the Court will overrule plaintiff's Objections to the Report and Recommendation [Doc. 15]; accept in whole the R&R [Doc. 14]; deny Plaintiff's Motion for Judgment [Doc. 8]; grant the Commissioner's Motion for Summary Judgment [Doc. 12]; affirm the Commissioner's decision in this case denying plaintiff's application for disability insurance benefits and supplemental social security income payments; and dismiss this case.

ORDER ACCORDINGLY.

                                      s/ Thomas A. Varlan
                                      UNITED STATES DISTRICT JUDGE